Filed 11/24/15  P. v. Bayse CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C077730 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F04096) |
| v. | |
| RICHARD LEE BAYSE, | |
| Defendant and Appellant. | |

In 1997 a jury found defendant Richard Lee Bayse[1] guilty of being a felon in possession of a firearm (Pen. Code, § 12021.1, subd. (a))[2] and found true the allegation he had two prior strike convictions.  The trial court sentenced him to a term of 25 years to life.  In 2013 defendant filed two petitions to recall his sentence pursuant to the Three Strikes Reform Act of 2012.  (Prop. 36, § 1170.126.)  The trial court denied the petitions, finding defendant was ineligible for resentencing because he was armed during the

---

[1]  Defendant's last name is spelled "Basye" on some of the documents in the clerk's transcript, including a letter defendant wrote to the trial court.

[2]  Undesignated statutory references are to the Penal Code.

1

commission of the offense.  On appeal, defendant contends the trial court erred in finding him ineligible for resentencing as the trial court could not find he was armed with a firearm because (1) that fact was not pleaded and proven as part of his conviction for being a felon in possession of a firearm, and (2) the gun was not available for him to use offensively or defensively.  We reject both contentions and affirm the trial court's order.

## BACKGROUND

On May 23, 1996, a Sacramento County Sheriff's deputy stopped a vehicle in which defendant was one of four occupants.  Defendant was seated in the back seat on the passenger side.  Another patrol unit arrived, and as the deputies were getting the occupants out of the vehicle, defendant reached into his pants pocket and pulled out a gram scale and a plastic baggie containing white powder.  Defendant put the baggie in his mouth and swallowed it.  The first deputy then pulled defendant out of the vehicle, put him on the ground and handcuffed him, and searched the vehicle.  Inside the vehicle, directly under the seat where defendant had been sitting, the deputy found a loaded Raven Arms .25-caliber semiautomatic handgun.  Deputies conducted an additional search of defendant's home and, in his bedroom, found a brown leather shoulder holster and a box of .25-caliber ammunition.  The ammunition loaded into the gun and the ammunition found in defendant's home were the same caliber, had identical head stamps, and were manufactured on approximately the same date.  There were seven rounds loaded into the gun and eight rounds missing from the box of ammunition.  The Raven handgun has a unique shape.  The leather holster had taken on that shape.  No other handgun would have fit the holster.

Defendant filed two petitions to recall his sentence under section 1170.126.  The District Attorney's office filed opposition to both petitions.  The trial court noted that for purposes of Proposition 36 resentencing, "[a] person is considered armed if he carries a firearm or has it available for use in either offense or defense in connection with the crime charged.  Is the gun readily accessible for his use.

2

"Here, based on the trial transcript, the firearm was nearby and available.  And moreover, there's strong evidence to suggest it actually is [defendant's] gun."  The trial court found it particularly relevant that the holster had contained the uniquely shaped Raven.  "Seems to me that the evidence is very strong that it is his handgun.  So I know there was lots of trial testimony from the defense as to witnesses testifying as to where [defendant] lived in May.  But it seems clear from viewing the transcript that he actually had not only had possession, he had the right to possess it, and it was certainly readily available to him, knew it was his handgun because of the description previously given."  The court found defendant was disqualified from Proposition 36 resentencing because he was armed when he committed the offense.  Accordingly, the trial court denied the petitions for resentencing.

## DISCUSSION

### I

Defendant contends he could not be found ineligible for resentencing under section 1170.126 because it was not pleaded and proven that he was armed with a firearm in the commission of his crime.

Under section 1170.126 a defendant serving a life term for a third strike felony that is neither serious nor violent may petition for resentencing.  (§ 1170.126, subd. (b).)  There are, however, a number of disqualifying factors that render an offense ineligible for recall of sentence.  (§ 1170.126, subd. (e)(2).)  As relevant to this case, one such disqualifying factor is if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."  (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).)  " '[A]rmed with a firearm' " means "having a firearm available for offensive or defensive use."  (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*).)

3

Defendant argues this provision is subject to the pleading and proof requirements of section 667. This interpretation of Proposition 36 has been previously rejected by two panels of this court (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1311-1312 (*Elder*); *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1333-1336), as well as every other Court of Appeal to consider it (see *Osuna*, *supra*, 225 Cal.App.4th at p. 1033; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058; *People v. White* (2014) 223 Cal.App.4th 512, 526-527). These cases find that the omission of a pleading and proof requirement in section 1170.126 by the drafters of Proposition 36 was intentional and resolves the question, rendering any other principles of statutory construction superfluous. (See *Elder*, at pp. 1314-1315.)

Defendant submits we should reject these authorities but gives us no good reason to do so. We agree with the uniform authority rejecting defendant's claim, and find there is no requirement the arming factor must be pleaded and proven before being considered by the trial court to determine that a defendant is ineligible for resentencing under section 1170.126.

Defendant also argues he was not armed under Proposition 36, relying on cases interpreting the meaning of being armed relative to firearm enhancements, which provide for increased punishment when a defendant is armed with a firearm "in the commission or attempted commission of [the underlying] felony." (§ 12022, subd. (a)(1); see *People v. Pitto* (2008) 43 Cal.4th 228, 239-240; *In Tameka C.* (2000) 22 Cal.4th 190, 196.) Those authorities require a "facilitative nexus" between being armed and the underlying offense.

Based on the differences in statutory language and purposes of the statutory schemes, this claim has been rejected by both appellate panels that considered it. (*Elder*, *supra*, 227 Cal.App.4th at pp. 1312-1314; *Osuna*, *supra*, 225 Cal.App.4th at p. 1032.) As explained by the *Osuna* court, there was no facilitative nexus because defendant "having the firearm available for use did not further his illegal possession of it. There was,

4

however, a temporal nexus. Since [Proposition 36] uses the phrase '*[d]uring* the commission of the current offense,' and not *in* the commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of [Proposition 36] disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1032, italics added.) We find this reasoning persuasive and that the armed exclusion can apply to a felon in possession of a firearm.

## II

Defendant also contends he was not armed within the meaning of Proposition 36, because the gun was not available for him to use offensively or defensively when he was apprehended. He claims it would have been impossible for him to obtain the gun from underneath the bench seat and use it.

We review the trial court's finding that defendant was armed under the substantial evidence standard. (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 661.) Under this standard, " '[w]e review the whole record in a light most favorable to the [order] to determine whether it contains substantial evidence, i.e., evidence that is credible and of solid value, from which a rational trier of fact could find beyond a reasonable doubt that the accused committed the offense.' [Citations.]" (*Ibid.*) " 'In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] . . . A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the jury's verdict. [Citation.]' " (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

"A defendant is *armed* if the defendant has the specified weapon available for use, either offensively or defensively" (*People v. Bland* (1995) 10 Cal.4th 991, 997) "at any

5

time during the commission" (*id*. at p. 999) of the offense. "[P]ossession of a firearm by a felon is a continuing offense. (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 525, fn. 1 . . . ; see *People v. Warren* (1940) 16 Cal.2d 103, 112 . . . .)" (*People v. Mason* (2014) 232 Cal.App.4th 355, 365.) Where the offense is a continuing one, the question is whether "*at any time* during the commission" of the offense, the defendant had ready access to the firearm. (*Bland*, at p. 999, italics added.)

Here, the evidence supports the reasonable inference that even if defendant did not have ready access to the gun in the car, at some point during defendant's continuous possession of the firearm, he had ready access to it. Defendant was seated directly above the gun in the car. The ammunition loaded into the gun and the ammunition found in defendant's home matched: they were the same caliber, had identical head stamps, and were manufactured on approximately the same date. The handgun had a unique shape that matched the leather holster found in defendant's home. The shape was so distinctive, no other handgun would have fit in the holster. Thus, substantial evidence supports the trial court's finding that defendant was "armed with a firearm" in the commission of the possession offense.

## DISPOSITION

The order is affirmed.

                                         _____RAYE_____, P. J.


We concur:


_____NICHOLSON_____, J.


_____MAURO_____, J.


6